# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHEL SHAMBURGER,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 15-00687-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On January 29, 2015, Ethel Shamburger ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on May 26, 2015. On November 9, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 52-year-old female who applied for Social Security Disability Insurance benefits and for Supplemental Security Income benefits on July 5, 2012, alleging disability beginning November 9, 2011. (AR 13.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 9, 2011, the alleged onset date. (AR 15.)

Plaintiff's claims were denied initially on July 27, 2012, and on reconsideration on February 27, 2013. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason on June 10, 2013, in Los Angeles, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Vocational expert ("VE") June C. Hagen also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on July 22, 2013. (AR 13-24.) The Appeals Council denied review on December 1, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ'S DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 9, 2011, the alleged onset date. (AR 15-16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease, cervical spine and lumbar spine; history of carpal tunnel syndrome bilaterally; osteoarthritis, bilateral knees; and obesity. (AR 16-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for six hours out of an eight-hour workday with regular breaks. She can sit for six hours out of an eight-hour workday with regular breaks. She can occasionally bend, stoop, crouch, and crawl. She can frequently use the upper extremities but is precluded from forceful pushing or pulling.

(AR 18-23.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 20.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a home attendant, ride operator, and hairdresser. (AR 23.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, Claimant would be able to perform the past relevant work of ride operator and hairdresser as actually performed by the Claimant and as generally performed in the regional and national economy. The ALJ further found that Claimant can perform her past relevant work of home attendant as actually performed, but not as generally performed in the regional and national economy. (AR 28-29.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24.)

## DISCUSSION

The ALJ's decision must be affirmed. The ALJ's adverse credibility finding is supported by substantial evidence. The ALJ's RFC is also supported by substantial evidence.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence

5

in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot

by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's assessed RFC. (AR 21.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen 80 F.3d at 1283-83; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that the objective medical evidence does not support the alleged severity of symptoms of Plaintiff's impairments. (AR 23, 20, 21.) The ALJ found that positive objective clinical and diagnostic findings since the alleged onset date do not support more restrictive limitations than the ALJ's light work RFC. (AR 21.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Second, the ALJ found that Plaintiff had received only routine, conservative, non-emergency treatment which is a legitimate consideration in weighing credibility. Parra, 481 F.3d at 750-51. Third, the ALJ found that Plaintiff's impairments improved with medication and treatment. Impairments that can be controlled efficiently with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The medical opinion evidence does not support greater restrictions than the ALJ's light work RFC. No treating doctor recommended any restrictions placed on Claimant as a result of physical impairments. (AR 20.) State agency consultants opined Claimant could perform light

work and occasional postural activities. (AR 22.) The ALJ reasonably assessed a light work RFC with additional restrictions, generously considering Plaintiff's subjective allegations.

To begin, the ALJ found that Claimant's medically determinable impairments of bursitis, epiconodylitis, pseduotumor celebri, limited vision in the right eye, tendinitis of the right foot, and vertigo are nonsevere. (AR 16.) He also found that Claimant's medically determinable mental impairment of adjustment disorder is nonsevere. (AR 16-18, 19.)

The ALJ did find that Plaintiff has the medically determinable severe impairments of degenerative disc disease, cervical and lumbar spine; history of carpal tunnel syndrome bilaterally; osteoarthritis, bilateral knees; and obesity. (AR 16.) As to her back pain, Plaintiff was treated with epidural injections and Tramadol for pain. (AR 19.) Despite the degenerative disc disease, physical examinations showed relatively mild findings. (AR 20.) She was not described as a surgical treatment candidate nor is there any evidence of hospital confinement, ER treatment, participation in a pain control clinic or other extensive or significant forms of treatment typically prescribed for intense pain. (AR 20.) Plaintiff, in other words, received routine, conservative, non-emergency treatment for her back. (AR 21.) Indeed, all the treatment described above occurred while Claimant was still working; none of it occurred after the alleged onset date of November 9, 2011. (AR 21, 15.) An MRI and x-ray revealed no marked symptomalogy. (AR 21.) An examination in November 2010 revealed full range of motion of the bilateral upper extremities with no obvious muscular atrophy. (AR 21.) Claimant also reported good improvement in neck pain after therapy and medication, which she admitted was very helpful. (AR 21.)

As to carpal tunnel syndrome, Plaintiff complained of pain and weakness in her hands (AR 19, 21), but admitted that her medications were very helpful and relieved most of her pains. (AR 21.) Warre, 439 F.3d at 1006. She received very little treatment for her carpal tunnel syndrome since the alleged onset date (AR 20), another example of conservative or minimal treatment. Parra, 481 F.3d at 750-51. Indeed, the medical evidence revealed that Plaintiff's carpal tunnel syndrome is stable. (AR 22.) A physical examination in May 2012 revealed unremarkable findings. (AR 22.) Nonetheless, to give Plaintiff the benefit the doubt,

the ALJ's light work RFC does contain manipulative limitations, such as precluding forceful pushing or pulling. (AR 18, 22-23.)

Plaintiff's primary complaint is her knee osteoarthritis. (AR 19.) The ALJ, however, noted the Claimant ambulates with a normal gait and no treating physician ever prescribed an assistive device. (AR 20.) Physical examinations at Kaiser Permanente in 2011 revealed tenderness over the patella and increased pain with resisted extension in the right knee but normal alignment, patelloremural tracking, stable, and non-antalgic gait. (AR 21.) Based on x-rays, Claimant was diagnosed with osteoarthritis of the right knee. (AR 21-22.) She was given an injection in the right knee which decreased her pain; a physical examination showed unremarkable findings. (AR 22.) An October 2012 examination revealed significant tenderness in the right knee. (AR 22.) In 2013, she was waiting for right knee surgery. (AR 22.)

Claimant's right knee surgery occurred after the June 10, 2013, hearing, and records were not available at the time of the ALJ's unfavorable decision on July 22, 2013, even though the ALJ held the record open for two weeks after the hearing. (AR 13, 22.) Plaintiff underwent a total knee replacement on July 10, 2013, and the medical records (AR 668-679) were submitted to the Appeals Council, which considered the additional evidence in determining whether the ALJ's decision was "contrary to the weight of the evidence of record." (AR 2.) The Appeals Council found that the new medical evidence "does not provide a basis for changing the Administrative Law Judge's decision." (AR 2.) Claimant contends that the ALJ's decision is flawed because the ALJ never considered the new evidence, which Claimant contends proves her disability. The Court disagrees.

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157-1161-62 (9th Cir. 2011). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Brewes, 682 F.3d at

1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b) which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Id. at 1162. The new evidence must be treated as part of the administrative record. Id.

Here, the Appeals Council acted in accordance with § 404.970(b), accepting the new evidence and evaluating the entire record, including the new evidence. (AR 2.) The issue is not whether the ALJ failed to consider the new evidence but whether the ALJ's findings are contrary to the evidence currently of record, including the new evidence. There is nothing in the new evidence that would lead to that conclusion. On the record before the ALJ, there was substantial evidence to support her finding that Claimant's right knee osteoarthritis was not disabling before the knee surgery. As already noted, no treating doctor had recommended any restrictions or prescribed an assistive device. (AR 20.) The knee replacement surgery was elective. (AR 668.) The new evidence, Plaintiff's total knee replacement, does not establish disability or that the ALJ's decision is contrary to the weight of the evidence. Medical records show that Plaintiff tolerated the procedure well and recovered uneventfully. (AR 670.) Dr. Gow encouraged Plaintiff to stretch her knee as hard as she could, as straight as possible and as bent as possible, at least 24 times a day. (AR 671.) He noted her pain was well-controlled with oral pain medication. (AR 670.) After the surgery, Claimant was walking around and performing ankle pump exercises. (AR 670.) She was told she could "move and bear weight on your operative knee, as tolerated." (AR 671.) Apparently she was not prescribed any assistive device. Her only post-operative treatment was medication, compression hose, and exercises. (AR 671.) There is nothing in the new evidence to suggest any deterioration in her

condition or continuation of her pain. To the extent Plaintiff is arguing that the knee replacement proves she was disabled before the operation, no treating doctor ever said so, imposed restrictions, or prescribed an assistive device, and the surgery was elective.

There is an additional reason undermining Plaintiff's credibility. She received unemployment compensation during the relevant period. (AR 20.) This required her to certify that she was willing and able to engage in work activity, which is inconsistent with a claim for disability. (AR 20.)

Plaintiff disputes the ALJ's adverse credibility finding, but it is the ALJ who has the responsibility for resolving ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 8, 2015

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

11